JUDGMENT

PER CURIAM.
This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34Q). It is
ORDERED AND ADJUDGED that the district court’s judgment be affirmed. Appellant has not shown that the arbitrator’s failure to rule on appellant’s motion for recusal required vacatur of an arbitration award as set forth in the Federal Arbitration Act, 9 U.S.C. § 10(a), in light of the American Arbitration Association’s consideration of the merits of his requests for *149 recusal and its ruling that the arbitrator “will be reaffirmed.” See Appx. at 69; American Arbitration Association, Commercial Arbitration Rules and Mediation Procedures, R-17(b) (providing that the Association’s decision whether an arbitrator should be disqualified “shall be conclusive”). To the extent appellant relies on 9 U.S.C. § 10(a)(3), the court need not consider the argument because he failed to raise it in district court. District of Columbia v. Air Florida, Inc., 750 F.2d 1077, 1078-79 (D.C.Cir.1984). Assuming without deciding that the “manifest disregard of the law” standard survives Hall Street Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 128 S.Ct. 1396, 170 L.Ed.2d 254 (2008), appellant has not demonstrated that “(1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether and (2) the law ignored by the arbitrators was well defined, explicit, and clearly applicable to the case.” LaPrade v. Kidder, Peabody & Co., 246 F.3d 702, 706 (D.C.Cir.2001).
Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. RApp. P. 41(b); D.C.Cir. Rule 41.